UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

EDMOND P. NISCHWITZ,
   Plaintiff,

vs.                             No. 09-1220

DR. CULLIANAN, et.al.,
   Defendants.

### ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983 and other, unspecified federal laws against four defendants at the Tazewell County Jail including Dr. Cullianan, Nurse Renee, Sheriff Huston and Tazewell County Board President J. Unsicker.

     The plaintiff says he is not receiving "proper and effective treatment," nor is he receiving his needed medication for "gran mals and spinal fractures." (Comp, p 2). The plaintiff provides little information in his complaint, but the only potential claim is that the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights, or Fourteenth Amendment rights if the plaintiff was a pretrial detainee at the time of the events alleged. *See Butera v. Cottey,* 285 F.3d 6901, 605 (7th Cir. 2002). Either way, the claim is still "analyzed under the Eighth Amendment test." *Henderson v. Sheahan,* 196 F.3d 839, 844 n.2 (7th Cir. 1999).

     Nonetheless, the plaintiff has failed to provide any time frame for his allegations and failed to state how any of the named defendants are responsible for his claim. The Federal Rules of Evidence require that the plaintiff submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc.* 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). The plaintiff's complaint fails to provide this notice.

     Therefore, the court will instruct the plaintiff to strike the plaintiff's initial complaint as a violation of Rule 8. The court will provide the plaintiff with a blank complaint form to use. However, the plaintiff must give a general time frame for his allegations and state how each

1

defendant is responsible for his claims.

For instance, it is doubtful the plaintiff can state a claim against Defendant Unsicker because "direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).  In addition, the doctrine of *respondeat superior* (supervisor liability) does not apply.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *Vance v Peters,* 97 F.3d 987, 992 (7th Cir. 1996).

The plaintiff must file his amended complaint within 21 days of this order.  The amended complaint must stand complete on its own, without reference to the original complaint.  This prevents confusion over intended claims and defendants.

**IT IS THEREFORE ORDERED that;**

**1) The merit review hearing scheduled for July 22, 2009 at 9:30 a.m. is canceled and the writ is recalled.  The clerk is to notify the plaintiff's residence.**

**2) The clerk of the court is directed to dismiss the plaintiff's complaint as ``a violation of Rule 8 of the Federal Rules of Civil Procedure.**

**3) The clerk of the court is to provide the plaintiff with a blank §1982 complaint form.  The plaintiff must file an amended complaint within 21 days of this order.  If the plaintiff fails to file an amended complaint within this time frame, his case may be dismissed without prejudice.**

**4) The merit review hearing is now rescheduled for August 19, 2009 at 10:00 a.m. by telephone conference call.  The clerk is to issue a writ for the plaintiff's participation in the conference call.**

Dated this 10th day of July, 2009.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE